**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARTHA MONROY, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 02-4354 (WHW) |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**Walls, District Judge**

Plaintiff Martha Monroy ("Plaintiff") moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (the "EAJA"). Commissioner of Social Security Jo Anne B. Barnhart (the "Commissioner") opposes Plaintiff's motion. Pursuant to Fed.R.Civ.P. 78, the Court decides this motion without oral argument. Plaintiff's motion is denied.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff filed an application for Social Security Income ("SSI") benefits on July 22, 1998. The application was denied initially and on reconsideration. A hearing was requested and on November 18, 1999, Administrative Law Judge ("ALJ") Richard DeSteno denied plaintiff's appeal and the Appeals Council affirmed that denial.

Plaintiff then filed a civil action seeking judicial review of the Commissioner's decision. The Court remanded the claim on December 31, 2002 because the hearing tape could not be

**NOT FOR PUBLICATION**

located.  The Commissioner was unable to prepare a transcript of the record, as required by the

Social Security Act, so he offered to remand the matter to locate or reconstruct the record.

Upon remand, ALJ DeSteno held a supplemental hearing, and after keeping the record

open to receive further evidence until May 31, 2003, he denied the claim again on June 25, 2003,

based on the same evidence as the 1999 decision.  Based upon the additional evidence, the

Appeals Council found that plaintiff was disabled as of March 14, 2001, but not before.  In

making this decision, the Appeals Council considered several medical exhibits which were not

previously part of the record.

Plaintiff then moved for an award of attorney fees pursuant to the EAJA in the amount of

$4,114.75 and $150 in costs in this action against the Commissioner.  The Commissioner

opposes Plaintiff's motion on the grounds that it is premature, or in the alternative, that the

Commissioner's position was substantially justified.

**LEGAL STANDARD**

Plaintiff moves for attorney's fees pursuant to the EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses, in addition
> to any costs awarded pursuant to subsection (a), incurred by that party in any civil
> action (other than cases sounding in tort), including proceedings for judicial
> review of agency action, brought by or against the United States in any court
> having jurisdiction of that action, unless the court finds that the position of the
> United States was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C.A. § 2412(d)(1)(A).

**NOT FOR PUBLICATION**

**DISCUSSION**

The Commissioner argues that Plaintiff's motion is premature because the Court has not entered a final judgment. The Court remanded this case to the Commissioner pursuant to sentence six of the Social Security Act. See 42 U.S.C. § 405(g). Sentence six authorizes the Court to remand a case to the Commissioner on motion of the Commissioner made for good cause shown before answering plaintiff's complaint. Under sentence six, the Court remands the matter to the Commissioner without issuing a substantive ruling as to the correctness of his decision. See Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991). "In sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Id. at 102.

Judgment cannot be entered here until the Commissioner returns to the Court and the Court enters a final judgment. This would require Plaintiff to determine whether or not she will contest the Commissioner's decision regarding the period of time for which benefits were denied. See id. If she does contest the Commissioner's decision, Plaintiff cannot file for attorney fees under the EAJA until after this Court decides the case on the merits and enters judgment. For this reason, Plaintiffs motion for attorney's fees is denied as premature.

**CONCLUSION**

It is on this 8th day of August, 2005,

ORDERED that Plaintiff's motion for an award of attorney's fees is DENIED.

**s/ William H.Walls, U.S.D.J.**

**NOT FOR PUBLICATION**